IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RENE REYNA SANCHEZ and MARIA LUISA SANCHEZ<br>　Plaintiffs<br><br>VS.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR REGISTERED HOLDERS OF LONG BEACH MORTGAGE LOAN TRUST 2005-3 ASSET-BACKED CERTIFICATES, SERIES 2005-3 AND SELECT PORTFOLIO SERVICING, INC., ROBERT AGUILAR ORBRETT BAUGH, BRENT GRAVES, CLAY GOLDEN, STEPHEN MAYERS, KENNY SHIREY, TROY ROBINETT, DOUG RODGERS, CARL MEYERS, MIKE HANLEY, FEDERICK BRITTON, DAVID ACKEL, DEBORAH MARTIN, TERRI MARTIN, ALEXIS MARTIN, CASSIE MARTIN, TROY MARTIN, SHELBY MARTIN, W.A. MARTY LAVOUTURE, DEANNA RAY, CARY CORENBLUM, SHAWN SCHILLER, WAYNE WHEAT OR CHRIS LAFOND, Substitute Trustees<br>　Defendants | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | C.A. NO. 5:19-cv-00047 |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, Deutsche Bank National Trust Company as Trustee for Registered Holders of Long Beach Mortgage Loan Trust 2005-3 Asset Backed Certificates Series 2005-3 ("**Trustee**") and Select Portfolio Servicing, Inc. ("**SPS**") (both are collectively referred to as "**Defendants**"), pursuant to 28 U.S.C. §1446(a), hereby remove this case from the 45th District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division. Defendants deny the claims and damages alleged in Plaintiffs'

Original Petition and file this Notice without waiving any claims, defenses, exceptions, or obligations that may exist in their favor in state or federal court.

## I. INTRODUCTION

1. On December 27, 2018, Plaintiffs Rene Reyna Sanchez and Maria Luisa Sanchez (**"Plaintiffs"**) commenced this action by filing Plaintiffs' Original Petition (the **"Original Complaint"**), Cause No. 2018-CI-24110 in the 45th District Court of Bexar County, Texas (the **"State Court Action"**). See Exhibit C-1.

2. Pursuant to 28 U.S.C. §1446(b) of the Federal Rules of Civil Procedure, this Notice of Removal is timely filed within thirty (30) days of when Defendants were served with the initial state court pleading.[1] Defendants have not been formerly served with the Complaint but made an appearance in the State Court Action on January 16, 2019 (See Exhibit C-6) and this action is being removed within 30 days of that appearance.

## II. PLEADINGS AND NOTICE TO STATE COURT

3. True and correct copies of all pleadings, process, orders and other filings in the State Court Action are being filed along with this Notice of Removal as required by 28 U.S.C. §1446(a). Pursuant to 28 U.S.C. §1446(d), written notice of this removal is being served on Plaintiffs and filed in the State Court Action.

## III. STATEMENT OF STATUTORY BASIS FOR JURISDICTION AND VENUE

4. This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. §1332(a)(1). That statute provides, in pertinent part, that "the district courts shall have the original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of

---

[1] *Bd. of Regents of Univ. of Texas Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999), (holding the time for removal commences on formal service of process, "*not* by mere receipt of the complaint unattended by any formal service).

2

different States."[2] Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district. As discussed in detail below, this action satisfies the statutory requirements for diversity of citizenship jurisdiction.

## IV. DIVERSITY JURISDICTION

### A. Citizenship of the Parties

5. This civil action involves a controversy between citizens of different states. Plaintiffs are citizens of the State of Texas.[3]

6. Defendant, Trustee is not a citizen of Texas. When determining citizenship of a trust for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust.[4]

7. Deutsche Bank National Trust Company is now and was at the commencement of this action and all intervening times, a national banking association that has its principal office in California, as stated in its charter. Therefore, as a national banking association organized under the laws of the United States, Deutsche Bank and thus Trustee are citizens of California for diversity purposes.[5]

8. Defendant, Select Portfolio Servicing, Inc., is a Utah Corporation. A corporation is deemed to be a citizen of (1) every state where it has been incorporated and (2) the state where it has its principal place of business (i.e. its "nerve center").[6] Defendant is a Utah corporation with its principal place of business in Salt Lake City, Utah. SPS is not incorporated in Texas,

---

[2] 28 U.S.C.A. § 1332(a)(1).
[3] See Plaintiffs' Original Petition (the "Complaint") at §II.
[4] *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464, 100 S. Ct. 1779, 64 L. Ed. 2d 425 (1980).
[5] 28 U.S.C.A. § 1348 (West); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 163 L. Ed. 2d 797 (2006).
[6] 28 U.S.C.A. § 1332(c)(1).

3

nor is its principal place of business located in Texas. Therefore, SPS is a citizen of Utah for purposes of diversity jurisdiction.

9. The remaining defendants are "Robert Aguilar Orbrett Baugh, Brent Graves, Clay Golden, Stephen Mayers, Kenny Shirey, Troy Robinett, Doug Rodgers, Carl Mayers, Mike Hanley, Frederick Britton, David Ackel, Deborah Martin, Terri Martin, Alexis Martin, Cassie Martin, Troy Martin, Shelby Martin, W.A. Marty Lavouture, Deanna Ray, Cary Corenblum, Shawn Schiller, Wayne Wheat or Chris Lafond, Substitute Trustees" ("**Substitute Trustees**") who upon information and belief are named alternative substitute trustees pursuant to an appointment of substitute trustee for the subject loan. Plaintiffs include no claims or causes of action against the Substitute Trustees. Therefore these parties are either nominal parties or were improperly joined and their citizenship is not counted for purposes of diversity jurisdiction.[7]

10. From the face of the complaint, it is evident that Plaintiffs have not stated or even attempted to state a cause of action against Substitute Trustees under Texas law.[8] A removing party may establish improper joinder by showing that the plaintiff is unable to establish a cause of action against the non-diverse defendant under state law.[9] A "mere theoretical possibility" of recovery under state law does not suffice to preclude removal.[10] By way of example, courts routinely hold that the mere inclusion of a non-diverse substitute trustee who conducts a foreclosure sale as a nominal party will not defeat diversity jurisdiction.[11]

---

[7] See *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006); *Ekundayo v. PNC Bank, Nat. Ass'n*, No. A-14-CA-142-SS, 2014 WL 5092625 (W.D. Tex. Oct. 9, 2014) citing *Cantor v. Wachovia Mortg., FSB*, 641 F. Supp. 2d 602, 606 (N.D. Tex. 2009).

[8] *Larroquette*, 466 F.3d at 375 (holding that standard for establishing improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in state defendant, which stated differently means that there is no reasonable basis of the district court to predict that the plaintiff might be able to recover against an in-state defendant.") (quoting *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)) (internal quotation marks omitted).

[9] *Id.* (citing *Smallwood*, 385 F.3d at 573.

[10] *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000).

[11] See, *Mendez v. Wells Fargo Bank, N.A.*, No. SA-14-CV-326-XR, 2014 WL 1923056, at *2 (W.D. Tex. May 13, 2014) citing *Eisenberg v. Deutsche Bank Tr. Co. Americas*, No. SA-11-CV-384-XR, 2011 WL 2636135 (W.D. Tex. July 5, 2011).

4

11. In applying this test, the court conducts a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether, under state law, the complaint states a claim against the in-state defendant. However, unlike a 12(b)(6) analysis, the Court retains discretion to pierce the pleadings and review evidence on whether plaintiff has a viable cause of action under state law.[12]

12. In the context of a motion to dismiss, factual allegations in a complaint must be sufficient to raise the right to relief above a speculative level.[13] Reciting naked assertions devoid of "further factual enhancement" does not suffice.[14] Where the facts do not permit the court to infer more than the mere possibility of misconduct, the Complaint has stopped short of showing that the pleader is plausibly entitled to relief.[15]

13. Plaintiffs' factual allegations against Substitute Trustees do not exist in their complaint other than naming the parties in the style of the case and certainly do not raise Plaintiffs' right to relief above the speculative level since any formulaic recitation of vague allegations even if it existed would be insufficient to support a claim against Substitute Trustees.[16] Plaintiffs' conclusory allegations and unwarranted deductions of fact cannot be accepted as true and cannot defeat a motion to dismiss.[17] The Complaint includes no specific allegations or causes of action against Substitute Trustees and fails under the standards for a motion to dismiss. Additionally, Plaintiffs have not and cannot allege any legally viable damages relating to any claim against Substitute Trustees since no foreclosure sale has occurred.

---

[12] *Id.*
[13] *Id.* at 555.
[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).
[15] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).
[16] *Bell Atlantic Corp.*, 550 U.S. at 556.
[17] *Kane Enterprises v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003).

14. Any actions taken by Substitute Trustees are protected by judicial immunity.[18] Based on overriding public policy, Texas courts have consistently held that an opposing party "does not have a right of recovery, **under any cause of action**, against another attorney arising from the discharge of his duties in representing a party . . . ."[19] Substitute Trustees, as attorneys are immune from this Complaint.

15. Accordingly, the only named defendants who were or are citizens of Texas at any time material to removal were Substitute Trustees, which have been improperly joined or are nominal parties, and complete diversity exists between Plaintiffs and all relevant defendants. Although the consent to the removal is not required from nominal parties such as the Substitute Trustees, no known service has been accomplished as to Substitute Trustees, therefore their consent is not required for this additional reason.

B. **Amount in Controversy**

16. This case places an amount in controversy that exceeds the $75,000 threshold. A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.[20] Such jurisdiction exists as long as the parties are completely diverse and the amount in controversy exceeds $75,000.00.[21]

17. When ascertaining the amount in controversy in the context of a motion to remand, district courts query whether a plaintiff's state court petition, as it existed at the time of removal, alleged damages in excess of the statutory minimum.[22]

18. If the petition does not allege a specific amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy requirement is

---

[18] *Van Hauen v. Wells Fargo Bank, N.A.*, No. 4:12-CV-344, 2012 WL 4092590, at *3 (E.D. Tex. Aug. 16, 2012), *report and recommendation adopted*, No. 4:12CV344, 2012 WL 4092516 (E.D. Tex. Sept. 17, 2012).
[19] *Taco Bell Corp. v. Cracken*, 939 F. Supp. 528, 532 (N.D. Tex. 1996) (emphasis in original).
[20] 28 U.S.C.A. § 1441(a).
[21] 28 U.S.C.A. § 1332(a).
[22] *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996).

20060161.20190127/3194892.1

satisfied.[23] The removing party satisfies this burden if the court finds it "facially apparent" that the plaintiff's claimed damages likely exceed $75,000.00.[24] In this instance, Plaintiffs' Complaint makes it facially apparent that Plaintiffs' claimed damages exceed $75,000.00 given that the filing of the present action by Plaintiffs has the legal effect of precluding Trustee from conducting a foreclosure sale on the collateral securing the subject loan and the value of the property exceeds $75,000.00.

19. Plaintiffs have sought and obtained an ex parte temporary restraining order which has precluded foreclosure on property located at 302 Chesterfield, San Antonio, Texas 78223 (the "**Property**")[25]. The value of the Property according to the Bexar County Appraisal District for 2018 is no less than $295,410.[26]

20. Federal jurisdiction can be established by facts alleged in the petition for removal that support a conclusion that the amount in controversy requirement is satisfied.[27] "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[28] Plaintiffs seek relief which has, at least temporarily, precluded enforcement of the contractual loan obligations and Trustee's right to foreclose on and take possession of the subject property.

21. "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[29] "[T]he amount in

---

[23] *Lewis v. State Farm Lloyds*, 205 F. Supp. 2d 706, 708 (S.D. Tex. 2002) citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (explaining that the removing party bears the burden of showing that federal jurisdiction exists and that removal is proper).
[24] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[25] Complaint, Exhibit C-1 at §IV.
[26] Exhibit D.
[27] *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir. 2010) (unpublished) (*citing Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638–39 (5th Cir. 2003)).
[28] *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (U.S. 1977).
[29] *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961).

controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[30]  Also, where a party seeks to quiet title or undo a foreclosure, the object of the litigation is the property at issue and the amount in controversy is measured by the value of the property.[31]  The value of the subject property in this instance for diversity purposes is no less than $295,410 per the records of the Bexar County Appraisal District for 2018.[32]  The value of the Property in this instance satisfies the jurisdictional amount of $75,000.00 for diversity purposes and the claim for money damages and attorney's fees further support the requisite amount in controversy for diversity jurisdiction.

## V. JURY DEMAND

22. Plaintiffs have not made any known jury demand in the State Court Action.

## VI. CONCLUSION

23. For the foregoing reasons, Defendants ask the Court to remove this suit to the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
Michael F. Hord Jr.
State Bar No. 00784294
Federal I.D. No. 16035
Eric C. Mettenbrink
State Bar No. 24043819
Federal I.D. No. 569887
HIRSCH & WESTHEIMER, P.C.
1415 Louisiana, 36th Floor
Houston, Texas  77002-2772
713-220-9182 Telephone
713-223-9319 Facsimile
E-mail: mhord@hirschwest.com
Email: emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANTS**

---

[30] *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996), citing *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983).
[31] *See Berry v. Chase Home Fin., LLC*, No. CIV.A. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).
[32] Exhibit D.

8

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of January 2019, a true and correct copy of the foregoing and/or attached was served on each attorney of record or party as follows:

Roberto Maldonado
Maldonado Law Group
310 Saint Mary's St.
Ste. 1710
San Antonio, TX 78205
**Via Email and U.S. Regular Mail**

Miquel "Mike" A. Hernandez
427 South Saint Mary's St.
San Antonio, TX 78205
**Via Email and U.S. Regular Mail**

/s/ Michael F. Hord Jr.
Michael F. Hord Jr.

20060161.20190127/3194892.1